# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### ASSIGNED ON BRIEFS JANUARY 31, 2011

## ANTHONY V. JACKSON v. GINGER JACKSON

**Direct Appeal from the Chancery Court for Franklin County**
No. 16,559      Jeffrey F. Stewart, Chancellor

No. M2010-00575-COA-R3-CV - Filed March 30, 2011

## PARTIAL DISSENT

HOLLY M. KIRBY, concurring in part and dissenting in part:

I agree with most of the majority opinion in this case. I find I must dissent from the majority's decision to vacate the award to Father of statutory interest on Mother's child support arrearage.

In this case, Mother was ordered to pay Father $300 per month in child support, beginning on July 10, 2003. In the fall of 2004 and the early part of 2005, the parties filed various post-trial motions, including cross-motions to alter or amend. Mother's motions in part sought to modify her child support obligation. Mother asked the trial court to continue these post-motions until her release from prison for solicitation to murder Father.

After Mother's release from incarceration, in 2009, the trial court entered an order resolving the post-trial motions, in which Mother's motion to modify her $300 per month child support was denied. The trial court found that Mother owed $22,400 in child support arrearages dating back to July 10, 2003, and awarded statutory interest on the arrearage in the amount of $10,392.

On appeal, Mother argues that she was not required to pay child support until the motion to alter or amend was resolved in 2009, because there was no final, appealable order until then. For the same reason, Mother argues that she cannot be required to pay interest on the unpaid child support until the 2009 order denying her motion to alter or amend. The majority correctly rejects Mother's assertion that she was not required to pay child support until the

motion to alter or amend was denied.[1]  Surprisingly, however, the majority agrees with Mother that no interest could be assessed on that arrearage until the 2009 order denying her motion to alter or amend, and on that basis vacates the trial court's award of interest on the child support arrearage.  It is this conclusion with which I must respectfully disagree.

The springboard for the majority's holding is its observation that the order requiring Mother to pay child support beginning in 2003 did not become appealable until the 2009 order denying her motion to alter or amend.  This is in accordance with settled law and not disputed.

From there, the majority finds that the 2003 child support order was not enforceable until the 2009 order on the motion to alter or amend was denied, citing essentially two cases,[2] *Farris v. Farris*, 1991 WL 134531 (Tenn. Ct. App. 1973), and *Forgey-Lewis v. Lewis*, No. E2009-00851-COA-R3-CV, 2011 WL 332710 (Tenn. Ct. App. Jan. 28, 2011).  Based on that finding, the majority goes on to hold that, if enforcement proceedings could not be instituted on the 2003 child support order until the 2009 order was entered, then ergo, interest under T.C.A. § 36-5-101(f)(1) did not begin to accrue until 2009.  The majority cites no caselaw in support of this conclusion.

I believe that neither *Farris* nor *Forgey-Lewis* are applicable to the issue before us in this case, and the majority's ultimate conclusion is inconsistent with the language of Section 36-5-101(f)(1) and with legislative intent.  Each step of this analysis will be addressed in turn.

*Farris v. Farris* was a divorce case in which the trial court entered the divorce decree in March 1990, adjudicating alimony, child support, and the division of marital property.  *Farris*, 1991 WL 134531, at *1.  The decree did not adjudicate the wife's request for attorney fees.  In April 1990, the wife filed a petition to hold the husband in contempt for failure to pay child support and alimony, and the husband filed a petition to alter or amend the amount of his child support obligation.  *Id.*

In July 1990, the trial court entered an order holding that the husband was in arrears on both alimony and child support, and adjudicating the wife's request for attorney fees.  The order also modified the March 1990 order to divide the husband's retirement benefits.  *Id.*  The

---

[1]I partially disagree with the majority's reasoning on the affirmance of Mother's child support arrearage, as discussed *infra*, although I concur in the result on that issue.

[2]The other cases cited by the majority simply reinforce the undisputed fact that the 2003 child support order was not appealable until the 2009 order was entered.

husband appealed, and the issue on appeal was "whether the trial court had jurisdiction to modify the final decree of divorce" as to the husband's property rights. ***Id.***

The appellate court in ***Farris*** observed that the March 1990 order was not a final order because it did not adjudicate the wife's request for attorney fees. ***Id.*** In the alternative, even if the March 1990 order were a final order, the appellate court said, the order was subject to revision because the husband had filed a post-trial motion to alter or amend. ***Id.*** at \*2. In the course of its discussion of whether the trial court had jurisdiction to modify the property division in the March 1990 order, the appellate court in ***Farris*** stated:

> When such a motion [to alter or amend] is timely filed, the 30-day time for appeal shall run from entry of the order granting or denying such motion. Rule 4(b) T.R.A.P. During the pendency of the motion *the judgment is suspended*. ***See Webb v. Aetna Life Ins. Co.***, 496 S.W.3d 511 (Tenn. App. 1973).

***Id.*** Thus, the issue on appeal in ***Farris*** involved neither child support nor post-judgment interest.[3] Rather, the ***Farris*** court essentially held that the March 1990 order remained within the bosom of the trial court and could be revised, either because it was not final or because of the pending motion to alter or amend. The ***Farris*** court's holding reflects a well-settled proposition. ***See, e.g., Cooper v. Tabb***, No. W2009-02271-COA-R3-CV, 2010 WL 5441971, at \*8 (Tenn. Ct. App. Dec. 22, 2010); ***Greer v. Greer***, No. W2009-01587-COA-R3-CV, 2010 WL 3852321, at \*6 n.7 (Tenn. Ct. App. Sept. 30, 2010).

As acknowledged by the majority, recent cases state more precisely that the "*time for filing a notice of appeal* is suspended by the timely filing" of a motion to alter or amend. ***See, e.g., Nagarajan v. Scheick***, NO. M2000-02323-COA-R3-CV, 2003 WL 229899029, at \*3 n.3 (Tenn. Ct. App. Dec. 19, 2003) (Koch, J.). This wording follows more accurately the language in the rule that is the authority for the holding, namely, Tenn. R. App. P. 4(b) ("if a timely motion . . . is filed . . . to alter or amend the judgment[,] *the time for appeal* for all parties shall run from the entry of the order . . . granting or denying . . . such motion.") (emphasis added). More importantly, as explained below, the holding in ***Farris*** is simply inapplicable to the issue of when post-judgment interest on child support begins to accrue.[4]

---

[3]The case cited in ***Farris***, ***Webb v. Aetna Life***, likewise involved neither child support nor post-judgment interest; it involved permission to amend a motion for a new trial. ***See Webb***, 496 S.W.2d at 512.

[4]As explained *infra*, ***Farris*** is inapplicable even if its statement that "the judgment is suspended" is accurate.

The other case cited by the majority, *Forgey-Lewis*, is similarly inapplicable. The majority cites *Forgey-Lewis* for its holding that the wife could not institute garnishment proceedings to collect the husband's alimony arrearage until the pending motion to alter or amend was resolved. *Forgey-Lewis*, 2011 WL 332710, at *13-14. As explained below, assuming the holding in *Forgey-Lewis* is correct, it does not affect when interest on unpaid child support begins to accrue.

Under the plain language of the child support statutes, each month's child support obligation, if not paid on the date ordered, immediately becomes a judgment, by operation of law. Interpreting T.C.A. § 36-5-101(f)(1), then numbered as Section 36-5-1-101(a)(5), this Court in *Summers v. Summers* stated: "Thus, when support is not paid by the date it is due, it is automatically converted into a judgment for such arrearage by operation of law. . . . Each month that support was not paid by the father of the children, the amount of arrears became an enforceable judgment." *Summers v. Summers*, No. 02A01-9709-CH-00230, 1998 WL 713296, at *10-11 (Tenn. Ct. App. Oct. 14, 1998) (Highers, J.) It becomes a judgment at that point even if the amount of the obligation is subject to later revision, as through a motion to alter or amend or by an appellate court. This is made clear by the definitions in the Child Support Guidelines. The Guidelines state:

> T.C.A. § 36-5-101(f)(1) defines "in arrears" as the circumstances existing when the full amount of child support is not paid by the date upon which the ordered support is due. The unpaid amount at that time is "in arrears and shall become a judgment for the unpaid amounts.["]

TENN. COMP. R. & REGS. 1240-02-05-.02(2)(a). The Guidelines go on to define the terms "child support" and "support" as "a judgment, decree, or order, *whether temporary, final or subject to modification* issued by a court of competent jurisdiction . . . for the support and maintenance of a child, . . . *and which may include related . . . interest. . . .*" TENN. COMP. R. & REGS. 1240-02-05-.02(3) (emphasis added). Thus, the Guidelines make it clear that, under T.C.A. § 36-5-101(f)(1), even if a child support order is not final and is subject to modification, interest begins to accrue on the date each month that the support is not paid.

The reasoning behind this was addressed in *Polk v. Polk*, 1989 WL 17463 (Tenn. Ct. App. Mar. 3, 1989) (Cantrell, J.). In *Polk*, the trial court entered an order finding an arrearage in the husband's child support obligation. The order stated that execution could not issue on the arrearage without the trial court's approval. *Id.* at *1. The wife filed a petition seeking, *inter alia*, post-judgment interest on the arrearage. The trial court denied the request for post-judgment interest. The wife appealed. *Id.*

-4-

The appellate court in **Polk** reversed the trial court's denial of post-judgment interest. It applied T.C.A. § 47-14-122,[5] the general post-judgment interest statute.[6] It first found that the trial court's order, finding an arrearage, was a "judgment" under Section 47-14-122, in that it was "an adjudication of the rights of the parties in respect to the claim involved." **Id.** (citation omitted). The court then explained:

> [A]n arrearage is by definition, past due. The stay of execution did not postpone the due date of the arrearage; it merely postponed the legal means of enforcement. . . . [I]nterest should accrue despite a stay of execution.

**Id.** at *2.[7] Thus, **Polk** makes it clear that the fact that a judgment for child support is not yet enforceable does not affect the accrual of interest; interest accrues when the arrearage is due.[8]

As noted above, **Polk** was decided under the general post-judgment interest statute, T.C.A. § 47-14-122. After **Polk**, Tennessee's legislature enacted statutory provisions specific to child support. The legislature's successive amendments, culminating in the version of T.C.A. § 36-5-101(f)(1) that we apply in this case, show the legislative intent to use several tools, including interest, to compel obligor parents to pay child support on time. In 1994, the legislature amended T.C.A. § 36-5-101 to add the following:

> If the full amount of child support is not paid by the fifth (5th) day of the month following the month in which the ordered support is due, the unpaid amount is in arrears, and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate set in Section 47-14-121 [10% per annum].

Thus, under the 1994 amendment, the child support became "in arrears" on the fifth day of the month following the month in which the support was due, in effect a "grace period." In

---

[5]T.C.A. § 47-14-122 states: "Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial."

[6]T.C.A. § 36-5-101(f)(1), specifically addressing interest on child support arrearages, had not yet been enacted when **Polk** was decided.

[7]The **Polk** court commented that the obligor parent "could have avoided liability for interest by paying the arrearage when the court entered its judgment." **Polk**, 1989 WL 17463, at *2.

[8]Thus, even assuming the accuracy of the statement in **Farris** to the effect that "the judgment is suspended" because of a pending motion to alter or amend, under **Polk**, this does not affect the accrual of interest on the judgment.

1995, Section 36-5-101 was amended further to provide for 12% per annum interest on child support arrearages, a full 2% more than the interest on other judgments. The 1995 amendment also stated that the accumulated interest "shall be considered child support." By 1998, Section 36-5-101 had been amended to eliminate the short "grace period" in the 1994 amendment, and now states:

> If the full amount of child support is not paid *by the date upon which the ordered support is due*, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum.

T.C.A. § 36-5-101(f)(1) (emphasis added).[9] With each incremental amendment, the legislature demonstrated its intent to make the statutory penalties for child support arrearages stiffer than those for ordinary judgments, to compel obligor parents to pay child support timely.

The holding by the majority is contrary to this legislative intent. Section 47-14-122 states expressly that interest on an ordinary judgment is unaffected by post-trial motions, and begins to accrue upon entry of the verdict or judgment. Under the majority's holding, interest on a child support arrearage would begin accruing *later* than interest on any other judgment. Moreover, under the majority's holding, an obligor parent can suspend the running of interest merely by filing frivolous post-trial motions.

The majority holding on the accrual of interest is also inconsistent with its holding on the child support arrearage. While I agree with the majority's affirmance of the trial court's holding on Mother's $22,400 child support arrearage, I am puzzled by its reasoning. In affirming the order on the arrearage, the majority simply cites general law to the effect that "parents have an obligation to support their minor even if an order awarding child support has not yet been entered."[10] True enough, but in this case, an order awarding child support *had* been entered. Without a reference to the trial court's order requiring Mother to pay $300 in child support each month, beginning in July 2003, the structure and amount of Mother's child support obligation cannot be determined. If we affirm the amount of the arrearage found by the trial court, that is implicit recognition of the fact that Mother's $300 per month child support was in fact "due" each month as ordered. Under T.C.A. § 36-5-101(f)(1), if

---

[9]In 1998, this provision had the same language, but was contained in T.C.A. § 36-5-101(a)(5).

[10]The majority cites *Smith v. Smith*, No. E2009-01593-COA-R3-CV, WL 3715590 (Tenn. Ct. App. Sept. 22, 2010), which held that the trial court had authority to order retroactive child support, based on both parents' obligation to support their children, whether or not there was a prior order of support.

child support is not paid "by the date upon which the ordered support is due, the unpaid is in arrears." It goes on to state that interest "shall" accrue "from the date of the arrearage." Thus, affirming the amount of the arrearage found by the trial court recognizes that the child support was *due* each month from July 2003 forward. But in vacating the award of interest, the majority states that the child support was not "due" until resolution of the motion to alter or amend. Therefore, the majority opinion is internally inconsistent.

The majority avoids discussing the application of its reasoning to *pendente lite* child support award by observing that the child support in this case was not a *pendente lite* award. That is true, but it is hard to see how the majority's holding, that child support is neither due nor enforceable until post-trial motions are resolved, would *not* adversely affect awards of *pendente lite* child support. Does the majority holding mean that a trial court cannot take measures to compel an obligor parent to pay *pendente lite* child support, such as holding the obligor parent in contempt, until final judgment is entered and post-trial motions are resolved?

For all of these reasons, I respectfully disagree with the majority's decision to vacate the award of statutory interest as to Mother's child support arrearage. I would affirm the trial court's decision in all respects.

_____
HOLLY M. KIRBY, JUDGE